**SEABOARD SHIPPING CORPORA-TION, as owner of THE Barge SEABOARD NO. 44,**

v.

**THE Tug PHYLLIS, her engines, boilers, etc.**

**and**

**THE S. S. MAGDALENE VINNEN, her engines, boilers, etc.**

No. 409 of 1952.

United States District Court E. D. Pennsylvania.

Aug. 27, 1956.

Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., for Seaboard Shipping Corp.

George E. Beechwood, John V. Lovitt, Philadelphia, Pa. for The Phyllis.

Mark D. Alspach, Krusen, Evans & Shaw, Philadelphia, Pa., for The Magdalene Vinnen.

KIRKPATRICK, Chief Judge.

This was a collision case, in which the owners of a barge damaged in the collision brought an action in admiralty against both the tug and the freighter which collided with her. The Court found the freighter solely at fault and dismissed a cross-libel filed by her owners against the tug. A decree was entered on August 10, 1955, providing that the libellant might apply for the appointment of a commissioner to assess damages. This has not been done. Nearly a year later the owners of the tug filed this petition for leave to file a cross-libel against the freighter for damages to the tug. The question is whether leave should be refused on the ground of laches.

In Loverich v. Warner Co., 3 Cir., 118 F.2d 690, 693, the Court of Appeals for this circuit made it clear that to apply the doctrine of laches in any case two separate and distinct factors must be present: (1) the delay must be inexcusable and (2) prejudice must have resulted to the other party from such delay.

In the present case the delay was without excuse. However, on the question of prejudice from the delay, I do not think that the vague allegations of "commitments", etc., contained in paragraph 12 of the answer are sufficient to form the basis of a finding of any substantial prejudice due to the delay. The fact is that the owners of the tug have suffered damage for which the freighter is solely responsible and I do not think that the ends of justice will be served by penalizing them for delay in asserting their rights and by depriving them of money to which in all good conscience they are entitled.

An appropriate decree may be presented.